**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LORRI MYERS,

      Plaintiff-Appellee,

v.

LORETTA JAMES; TRAVIS
SAULSBERRY, in their individual
and official capacities,

      Defendants-Appellants,

   and

LEFLORE COUNTY DETENTION
CENTER PUBLIC TRUST; COUNTY
OF LEFLORE,

      Defendants.

No. 09-7001
(D.C. No. 6:07-CV-00223-FHS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Loretta James and Travis Saulsberry appeal from the district court's order denying them qualified immunity with regard to Lorri Myers' 42 U.S.C. § 1983 claim alleging she was strip searched at the LeFlore County Detention Center (LCDC). Because this circuit's law concerning strip searches was clearly established at the time of the search, we affirm the district court's decision.

## Background

Late on August 31, 2006, Ms. Myers and her husband were stopped at a traffic checkpoint. Mr. Myers (the driver) was transported to the LCDC but was released after he passed a breath test. Ms. Myers was arrested for public intoxication and was processed into the LCDC early in the morning of September 1. Appellant James is the detention officer who processed Ms. Myers. Appellant Saulsberry was the LCDC Jail Administrator from July through December 2006.

As part of the booking process, Officer James escorted Ms. Myers into the shower room and issued her jail clothes. According to Ms. Myers, Officer James required Ms. Myers to remove all of her civilian clothes and visually inspected Ms. Myers' naked body, though she did not perform a body cavity search. Ms. Myers was required to shower and dress in the jail clothes. She was placed

in a detox cell until her four-hour wait period[1] had elapsed, then she was released on bail.

Mr. and Ms. Myers brought suit under § 1983 and state law, challenging their arrests and Ms. Myers' detention at the LCDC. The only issue in this limited interlocutory appeal concerns Ms. Myers' § 1983 claim that the strip search violated her Fourth and Fourteenth Amendment rights. With regard to this claim, the district court noted that the defendants disputed Ms. Myers' account of the search. Accordingly, the court held that genuine issues of material fact precluded the entry of summary judgment in favor of appellants. Appellants then filed this interlocutory appeal challenging this denial of qualified immunity.

### *Jurisdiction*

We first must satisfy ourselves that we have jurisdiction to hear this appeal. *See Johnson v. Martin*, 195 F.3d 1208, 1213 (10th Cir. 1999). Ms. Myers argues that we lack jurisdiction because the district court held that there were genuine issues of material fact precluding summary judgment. This court has recognized, however, that in the qualified immunity context, "even though a district court concludes that there are controverted factual issues, a summary judgment ruling may still be immediately appealable in certain circumstances." *Id.* at 1214. "In particular, if a defendant's appeal of the denial of a motion for summary judgment

---

[1]     LCDC's policy is to hold allegedly intoxicated persons for at least four hours, even if they appear sober and they post bail sooner. Ms. Myers' challenge to that policy is not at issue in this appeal.

is based on the argument that, even under the plaintiff's version of the facts, the defendant did not violate clearly established law, then the district court's summary judgment ruling is immediately appealable." *Id.* "In that circumstance . . . a qualified immunity appeal raises the kind of abstract legal issues that are separate from the factual issues that may arise at trial." *Id.* On appeal, appellants do argue that under Ms. Myers' version of the facts, their conduct did not violate clearly established law. Accordingly, we have jurisdiction. *See id.* at 1215.

### *Analysis*

"We review the denial of qualified immunity de novo." *Archuleta v. Wagner*, 523 F.3d 1278, 1282 (10th Cir. 2008). Given our jurisdictional limitations, our review is based solely on Ms. Myers' version of the facts.

### *A. Strip Search*

"The doctrine of qualified immunity protects public officials performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Johnson*, 195 F.3d at 1216 (quotation omitted). "Furthermore, the law must be clearly established at the time the alleged illegal conduct occurred." *Warner v. Grand County*, 57 F.3d 962, 964 (10th Cir. 1995). Appellants argue that on September 1, 2006, it was not clearly established that in these circumstances, the type of strip search Ms. Myers describes would be unconstitutional. Appellants' argument has no merit.

"For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must be as plaintiff maintains." *Foote v. Spiegel*, 118 F.3d 1416, 1424 (10th Cir. 1997). In the last two decades, this court has issued several decisions regarding strip searches of detainees. "We have articulated two primary concerns in determining whether a strip search is reasonable for the purposes of the Fourth Amendment: whether a detainee is to be placed in the general prison population and whether there is reasonable suspicion that the detainee has concealed weapons, drugs, or contraband." *Archuleta*, 523 F.3d at 1284. In this case, the undisputed fact is that Ms. Myers was never placed in the general prison population, even briefly. And nothing in the record indicates a basis for a reasonable suspicion that she was carrying weapons, drugs, or contraband on her person, or that Officer James actually had any such suspicion.

It was clearly established in this circuit well before September 1, 2006, that "a detainee who is not placed in the general prison population cannot be strip searched if the searching officer does not *at least* have reasonable suspicion that the detainee possesses concealed weapons, drugs, or contraband." *Id.* at 1286 (addressing status of the law as of April 2005). Several of this court's opinions have condemned strip searches in circumstances similar to this case. *See id.* at 1284-87 (denying qualified immunity for strip search of woman booked for domestic violence); *Foote*, 118 F.3d at 1425 (denying qualified immunity for May

1994 strip search of woman booked for driving under the influence of marijuana); *Warner*, 57 F.3d at 964 (stating that on January 24, 1991, "it was clearly established in this circuit that a brief intermingling with the general jail population does not justify a strip search absent reasonable suspicion of drugs or contraband"); *Cottrell v. Kaysville City*, 994 F.2d 730, 734 (10th Cir. 1993) (per curiam) (stating, in case involving woman arrested for driving under the influence in July 1991, "[w]e fail to see how this particular search, if it happened, could be considered reasonable as a matter of law"); *Chapman v. Nichols*, 989 F.2d 393, 395-98 (10th Cir. 1993) (holding that private strip searches of women arrested for minor traffic violations between fall 1991 and spring 1992 were unconstitutional, and stating that "no objectively reasonable person would believe that a strip search of a minor offense detainee would be constitutional simply because the search did not involve a more obtrusive viewing of the detainee's naked body"); *Hill v. Bogans*, 735 F.2d 391, 394-95 (10th Cir. 1984) (holding unconstitutional a strip search of a detainee charged only with an outstanding warrant for a traffic offense, who was only briefly intermingled with the prison population).

Relying on *Powell v. Barrett*, 541 F.3d 1298 (11th Cir. 2008) (en banc), appellants contend that this circuit's precedent misapplies *Bell v. Wolfish*, 441 U.S. 520 (1979), and that therefore the search was constitutional. We are unpersuaded. This court's opinions remain binding in this circuit until the Supreme Court or the en banc circuit court overrules them, *see In re Smith*,

10 F.3d 723, 724 (10th Cir. 1993) (per curiam), and the cases discussed above have not been overruled. A decision handed down in another circuit, two years after the events at issue in this case, does not undermine our conclusion that this circuit's law was clearly established in September 2006.

*B. Saulsberry's Liability*

Mr. Saulsberry argues that Ms. Myers has failed to prove that he had any personal participation in the strip search and that her failure to prove such personal participation is fatal to her § 1983 claim. But it appears that the theories of liability Ms. Myers has asserted against Mr. Saulsberry do not rely on his personal participation in the search, but instead allege he is responsible for an unconstitutional practice and procedure at the LCDC and for failure to train. *See* Aplt. App. at 214, 217 (Ms. Myers' summary judgment response brief); *see also id.* at 413 (district court opinion finding "there remain unresolved factual issues concerning supervisory . . . liability"). Mr. Saulsberry does not address these theories in appellants' opening brief, so we need not consider them at this time. *Resolution Trust Corp. v. Fed. Sav. & Loan Ins. Corp.*, 25 F.3d 1493, 1506-07 (10th Cir. 1994) ("Generally, issues not pursued in the brief-in-chief are deemed abandoned and waived.").

### *Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge